# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TONY JACKSON,**

          Petitioner,

          -vs-                                                                              **Case No. 12-C-362**

**JUDY SMITH, Warden,**
**Oshkosh Correctional Institution,**

          Respondent.

# DECISION AND ORDER

Tony Jackson moves to reconsider, under Fed. R. Civ. P. 59(e),[1] the Court's denial of his petition for a writ of habeas corpus. Jackson's primary challenge was under *Miranda*, and the Court held that a reasonable person in Jackson's position would not have believed that he was in custody, partially because Jackson "had voluntarily come to the police station as a citizen witness to a crime. . . . Jackson was not restrained, and he went to the police station as a witness, not a suspect." ECF No. 9, August 7, 2012 Decision and Order at 4-5; 2012 WL 3248173. Jackson now argues that this reasoning is contrary to *Stansbury v. California*, 511 U.S. 318 (1994), which held that "a police officer's subjective view that the individual under questioning is a suspect, *if undisclosed*, does not bear upon the question whether the individual is in custody for purposes of *Miranda*. The same principle obtains if an officer's undisclosed assessment is that the person being questioned is not a suspect."

---

[1] This motion is not an unauthorized second or successive petition. *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002); *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008) ("Rule 59(e) motions are not subject to the statutory limitations placed on successive collateral attacks").

*Id.* at 324 (emphasis added) (internal citation omitted). However, an "officer's knowledge or beliefs may bear upon the custody issue if they are conveyed, *by word or deed*, to the individual being questioned." *Id.* at 325 (emphasis added). That the officer considered Jackson a witness, not a suspect, is evidenced by the fact that he "asked Jackson if he would come to the police station to help identify the individuals involved in the fight." Decision and Order at 2. The officer then "informed the transporting officer that Jackson was not in custody and while Jackson was transported to the police station he was not restrained in any manner." *Id.* at 2-3. The officer's treatment of Jackson as a witness demonstrates that a reasonable person in Jackson's position would not have believed that he was in custody.

Jackson's motion to reconsider [ECF No. 11] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2012.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**